Affirmed and Memorandum Opinion filed July 29, 2004









Affirmed and Memorandum Opinion filed July 29, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01097-CR

____________

 

JAMES CHRISTOPHER FOWLER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 263rd District Court

Harris County, Texas

Trial
Court Cause No. 905,919

 



 

M E M O R A N D U M   O
P I N I O N

James Christopher Fowler appeals the trial court=s denial of a free record on appeal
and from his conviction for manslaughter. 
Because we find no abuse of discretion by the trial court in denying a
free reporter=s record on appeal, we affirm that
determination.  We further affirm the
conviction.

 

 

 








Indigence

Appellant filed a pro se pauper=s oath on appeal on November 25,
2002.  The trial court appointed counsel
for appellant but denied the request for a free record on appeal.  This Court was notified on December 11, 2002,
that appellant had not made arrangements to pay for the reporter=s record.  On December 12, 2002, this Court issued an
order, abating the case, and remanding to the trial court for a hearing to
determine whether appellant was indigent and wanted to continue with the
appeal.  A hearing record was filed on
December 27, 2002, in which the trial court found that appellant had the
ability to pay for the record.  No
reporter=s record was filed.  On January 9, 2003, this Court issued an
order, directing appellant=s counsel to file a brief without the benefit of the reporter=s record.  

On March 6, 2003, appellant=s counsel filed in the trial court a
motion for a free reporter=s record.  This motion
was denied on March 13, 2003.  On March
24, 2003, appellant filed a notice of appeal from the trial court=s denial of a free reporter=s record.  A motion for extension of time to file the
brief was filed in this Court and granted until April 4, 2003.  No brief was filed, and on May 1, 2003, this
Court issued an order, directing appellant=s counsel to file a brief on or
before June 2, 2003, or show cause would issue. 
On May 29, 2002, appellant=s counsel filed a motion to abate,
which this Court denied.  On June 20, 2003,
appellant=s counsel filed a second motion for
extension, which this Court granted until July 18, 2003.  

On July 18, 2003, appellant=s counsel filed a brief, challenging
the trial court=s refusal to furnish appellant a free record on appeal.  The State has filed a reply brief.








The determination of indigency rests in the sound discretion
of the trial court.  Rosales v. State,
748 S.W.2d 451, 455 (Tex. Crim. App. 1987). 
Thus, we review the trial court=s determination for abuse of
discretion.  Id.  An indigency determination is made on a
case-by-case basis.  Id.  Although there are no rigid standards, a
defendant must sustain the allegations of indigence at the hearing.  Snoke v. State, 780 S.W.2d 210, 212-13
(Tex. Crim. App. 1989).  AThe court must consider only the
defendant=s personal financial conditions, not
those of his parents, other relatives, friends or employers.@ 
Id. at 213.  Once a prima
facie showing of indigency is made, the defendant has satisfied his burden
unless evidence is offered which refuses his claim.  Id.

The record contains testimony presented at three hearings on
indigence.  At the first hearing on
November 4, 2002, appellant appeared without an attorney and stated that he planned
to hire a lawyer.  Appellant stated that
he was trying to find a job, but that his wife worked for the Harris County
probate court system.  Appellant
testified that his wife earned approximately $800 every two weeks.  Appellant further testified that he
anticipated $5000 income tax refund which he could apply towards court
costs.  The trial court stated that, if
appellant paid for the record, an attorney would be appointed.  The trial court then appointed counsel for
appellant.

Another hearing was held on December 20, 2002.  Appellant again testified that he was trying
to find a job, but that he still anticipated receiving income tax funds.  Appellant again testified that his wife
worked for the probate court.  The trial
judge found that appellant was responsible for paying for the record.

A third hearing was held on March 13, 2003.  Appellant stated that his wife still worked
for the probate court system, earning approximately $800 every two weeks.  Appellant admitted that he had set aside
$4,500 for the record, but the court reporter stated the record would cost
$7,000.  Because the record cost more
than appellant had accumulated, appellant used the funds for other
expenses.  Appellant testified that he
owned no real estate, stocks or bonds, and had no checking account.  Appellant admitted that his wife has a
checking account, but appellant estimated it contained about $55.  Appellant testified he owned a 1993 Buick
LeSabre automobile.  Appellant testified
he had a degree in secondary education from Prairie View University, but had
been out of work for approximately one year. 
Appellant testified he is attending school.  Appellant testified that he and his wife have
two children.  The court denied appellant=s request for a free record.








We find no abuse of discretion by the trial court in denying
appellant=s claim of indigency.  The evidence shows that appellant=s wife is employed.  No testimony or other evidence was presented
to show that a portion of his wife=s income could not be applied toward
the cost of the record.  Furthermore,
appellant obtained a large sum of money that could have been applied toward the
cost of the record, but appellant used these funds for other expenses.  Appellant also testified he owned a car.  The evidence concerning appellant=s financial condition did not satisfy
appellant=s burden of establishing a prima
facie showing of indigency.  Accordingly,
we hold the trial court did not abuse its discretion and we affirm the trial
court=s determination. 

Conviction for Manslaughter

After a jury trial, appellant was convicted of the offense of
manslaughter.  On October 8, 2002, the
trial court sentenced appellant to confinement for 5 years in the Institutional
Division of the Texas Department of Criminal Justice.  

Because we gave appellant notice on January 9, 2003, that the
case would be submitted without a reporter=s record under Rule 37.3(c),
appellant=s appointed counsel filed a separate Anders
brief in which he concludes the appeal is wholly frivolous and without
merit.  The brief meets the requirements
of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), presenting
a professional evaluation of the partial record demonstrating why there are no
arguable grounds to be advanced.  See
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate partial record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  On March 4,
2004, we ordered the Harris County District Clerk to provide appellant with a
copy of the record.  We received
notification that appellant received the record on March 11, 2004.  As of this date, no pro se response has been
filed.








We have carefully reviewed the partial record and counsel=s brief and agree the appeal is
wholly frivolous and without merit. 
Further, we find no reversible error in the partial record.  A discussion of the brief would add nothing
to the jurisprudence of the state.

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed July 29, 2004.

Panel consists of Justices Fowler,
Edelman, and Seymore. 

Do Not Publish C Tex. R. App. P. 47.2(b).